UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KARL RUSSELL,

                                   Petitioner,

v.

WARDEN, MULE CREEK, *et al.*,

                                   Respondent.

Case No. 17-cv-02195-BAS-BGS

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

## I.    INTRODUCTION

On October 26, 2017, Petitioner Karl Russell, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court dismissed the action on November 3, 2017 because Petitioner had failed to satisfy the filing fee requirement and because he had failed to name a proper respondent or state a cognizable federal claim.  (ECF No. 2.)  Petitioner was given until January 8, 2018 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's November 3, 2017 Order.  (*Id.*)

On April 9, 2018, Petitioner filed a motion to proceed in forma pauperis and a First Amended Petition. (ECF Nos. 3-6.) On April 16, 2018, the Court granted the motion to proceed in forma pauperis but dismissed the First Amended Petition because Petitioner again failed to state a cognizable claim. (ECF No. 7.) The Court gave Petitioner until June 19, 2018 to file an amended petition. (*Id.*) On June 19, 2018, Petitioner constructively filed a Second Amended Petition.[1] (ECF No. 9.)

## II.    FAILURE TO STATE A COGNIZABLE CLAIM

Petitioner has again failed to state a cognizable claim because he has failed to allege that his state court conviction or sentence violates the United States Constitution. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under section 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

---

[1]    The Second Amended Petition has a signature dated June 19, 2018 and was stamped "filed" at the Court on June 26, 2018. As a pro se prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to prison officials for mailing on the date he signed it.

Here, the Petition must be dismissed, however, because this Court lacks subject matter jurisdiction. Petitioner raises only one claim in the Petition—that the trial court improperly imposed a restitution fine without sufficient evidence of his ability to pay. (*See* Pet. at 6.)

The requirement that a habeas petitioner be "in custody in violation of [federal law]" is "jurisdictional." *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010); *cf. Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (noting that 28 U.S.C. § 2241(c)(3)s requirement that a habeas petitioner be "in custody in violation of the Constitution or laws or treaties of the United States" is jurisdictional). "The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction." *See Bailey*, 599 F.3d at 980. Rather, "[it] explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *See id*. (emphasis added) (citing *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000)). If the remedy sought is merely "the elimination or alteration" of a petitioner's restitutionary obligation, then there is no such nexus between the habeas claim and the petitioner's purportedly unlawful custody. *See id*. at 981; *see also Washington v. Smith*, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (holding that a petitioner did not satisfy the "in custody" requirement because, even if he prevailed on his ineffective assistance claim, "the only possible benefit [would] be a lower payment to his victim"); *Bailey*, 599 F.3d at 981-82. In such a case, the action must be dismissed for lack of subject matter jurisdiction. *See Bailey*, 599 F.3d at 984.

Here, Petitioner's only claim challenges the restitution order. Even if Petitioner prevailed on this claim, he would not obtain early release from custody; instead, he would be entitled to only "the elimination or alteration of a money judgment." *See id*. at 981. Thus, the "nexus" between these claims and illegal custody is lacking. *See id*. Put differently, the legal theories on which his claim relies are irrelevant—the only relevant consideration is whether his claims would impair the validity of the custodial sentence. *See id*. at 978, 984 (affirming dismissal of ineffective assistance claim for lack of subject matter jurisdiction); *Washington*, 564 F.3d at 1351. Because Petitioner's claim does affect the

legality of Petitioner's confinement, this Court lacks subject matter jurisdiction over the action. *See Bailey*, 599 F.3d at 984.

## III. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. (*See* Pet. at 6.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears from the Petition that Petitioner is not presently

5

entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## IV.    CONCLUSION

Based on the foregoing, the Court again **DISMISSES WITHOUT PREJUDICE** this action because Petitioner has failed to state a cognizable federal claim and because Petitioner has failed to allege exhaustion of state judicial remedies.  However, the Court grants Petitioner leave to amend his petition.  To have this case reopened, Petitioner must file a Third Amended Petition that cures the pleading deficiencies outlined above **no later than August 20, 2018**.  Petitioner is advised that if he does not submit a Third Amended Petition stating a cognizable federal claim(s) and alleging exhaustion of his state court remedies with regard to that claim(s) on or before August 30, 2018, this action will be dismissed, and he will have to start over by filing a completely new habeas petition Court. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**


**DATED: July 16, 2018**

**Hon. Cynthia Bashant**
**United States District Judge**

17cv2195